UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                )<br>                               Plaintiff,        )<br>          -vs-                                             )<br>                                                                )<br>JESUS MANZO,                                      )<br>JOSE LUIS MANZO,                             )<br>NICHOLAS GUERRERO,                    )<br>SERGIO GUERRERO,                         )<br>ADRIAN MUNIZ,                                  )<br>JOSE GUADALUPE AGUILAR,          )<br>ROSALIO SANCHEZ,                          )<br>LUIS FELIPE OSEGUEDA,                  )<br>                                                                )<br>                               Defendants.      )<br>_____ ) | NOS.    CR-07-2042-WFN-1<br>              CR-07-2042-WFN-2<br>              CR-07-2042-WFN-3<br>              CR-07-2042-WFN-4<br>              CR-07-2042-WFN-5<br>              CR-07-2042-WFN-6<br>              CR-07-2042-WFN-7<br>              CR-07-2042-WFN-8<br><br>ORDER |

A pretrial conference and motion hearing was held April 16, 2008. All Defendants are in custody except Defendant Muniz and were present and represented by counsel as listed below.  Assistant United States Attorney Shawn Anderson represented the Government. Defendant Osegueda was assisted by Court-appointed interpreter Bea Rump.

| Defendant / No. | | Counsel |
|---|---|---|
| Jesus Manzo | (1) | Ricardo Hernandez |
| Jose Manzo | (2) | Todd Harms |
| Nicholas Guerrero | (3) | Adolfo Banda |
| Sergio Guerrero | (4) | Richard Smith |
| Adrian Muniz | (5) | Daniel Arnold |
| Jose Guadalupe Aguilar | (6) | Samuel Swanberg |
| Rosalio Sanchez | (7) | Timothy Cotterell |
| Luis Osegueda | (8) | Michael Lynch |

ORDER - 1

The Court considered Defendants' Motion for Continuance (Ct. Rec. 410), Defendant Sanchez's Motion for Severance (Ct. 392), and Defendant Jesus Manzo's Motion to Suppress Evidence (Ct. Rec. 389).

The Court has reviewed the file and Motions and is fully informed.  This Order is entered to memorialize and supplement the oral rulings of the Court.  Accordingly,

**IT IS ORDERED** that:

1.  Defendant's Motion for Continuance, filed April 7, 2008, **Ct. Rec. 410**, is **DENIED**.

2.  Defendant's Motion to Expedite, filed April 7, 2008, Crt. Rec. 413, is GRANTED. The underlying motion was considered on an expedited basis.

3.  The final pretrial conference and jury trial on **May 5, 2008** is **CONFIRMED, at 11:00 a.m. and 1:00 p.m.**, respectively.

4.  All time from the filing of Defendant's Motion to Continue on April 7, 2008, to the date of the hearing on April 16, 2008, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(F).

5.  Trial briefs, motions in limine, requested voir dire, witness and exhibit lists, and a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **April 29, 2008 at 12:00 noon.**

**The Court requests that these trial filings be filed earlier if possible, preferably on the date originally set for trial filings, April 21, 2008.**

Jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim, any necessary definitions and a proposed verdict form.  The Joint Proposed Jury Instructions shall include:

(a)    The instructions on which the parties agree; and

(b)    Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree).  All jury instructions from the most

ORDER - 2

current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number.  The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

Each party shall address any objections they have to instructions proposed by any other party in a memorandum.  The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection.  Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection.  Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

6.  Indigent Defendants' requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten (10) days before trial, excluding weekends and holidays.

7.  Defendant Jesus Manzo's Motion to Suppress Evidence, filed March 12, 2008, **Ct. Rec. 389**, is **DENIED** for the reasons stated at the hearing.

8.  Defendant's Motion to Sever Defendant for Trial, filed March 18, 2008, **Ct. Rec. 392**, is **DENIED**.  The Court found that Defendant will not suffer undue prejudice.

9.  Defendant Guerrero's oral motion to extend time for filing trial materials is **GRANTED**.

10. All time from the filing of Defendant Jesus Manzo's Motion to Suppress Evidence on March 12, 2008, to the date of the hearing on April 16, 2008 is **EXCLUDED for Defendant Jesus Manzo (1) ONLY** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(F).

11. All time from the filing of Defendant Sanchez's Motion for Severance on March 18, 2008, to the date of the hearing on April 16, 2008 is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(F).

12. The following procedures shall be utilized at trial:

(a)    The Court will conduct the majority of jury voir dire but allow counsel 10 minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

(b)    A total of 14 jurors will be selected. The Government shall have 7 peremptory challenges; Defendants shall have **a total of 11** peremptory challenges. The challenges shall be exercised simultaneously.

(c)    Regular trial hours shall be from 8:00 a.m. to 12:00 noon, and 1:00 to 4:30 p.m.;

(d)    The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

(e)    Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

(f)    A single photograph shall be taken of all witnesses following their testimony for use by the jury to correlate a witness with the testimony he or she provided. The photographs shall be maintained in a three-ring binder by the Court. The photograph will have the witness's name on it and the date of the witness's testimony. The photographs will be provided to the jury to assist them during deliberations. Following deliberations, the photographs will be destroyed by the Court and **will not** be a part of the record;

(g)    Examination of witnesses shall be limited to direct, cross, redirect and recross. FED. R. EVID. 611(a);

(h)    Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

ORDER - 4

(i)    During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

(j)    Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

(k)    If the Defendant is represented by CJA appointed counsel, the indigent Defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten (10) days before trial, excluding weekends and holidays.  Defense counsel may request, as needed, that the motion and order be filed under seal.  Defense counsel shall prepare a proposed order that includes the following language:

      1)    That the United States Marshal shall serve the subpoenas on the witnesses identified by name, address and phone number.  The subpoena shall state when the witnesses' appearance is requested;

      2)    The subpoenaed individual shall contact the United States Marshal in the District in which they are served so that the Marshal may make travel arrangements, for those witnesses requiring such arrangements;

      3) Defense counsel shall contact the Case Administrator in the District Court Executive's office, 509-458-3400, to obtain information on how to make lodging arrangements for those witnesses requiring lodging; and

      4) Any witness fees and per diem allowances shall be paid by the Government after the witness has testified.  Requests for advance payment shall be directed to the United States Marshal in the district in which the witness is served or the United States Marshal in the district in which the witness is present to provide testimony.

(l)    Counsel are informed that no CJA money is available to pay per diem expenses for indigent Defendants. Should an indigent Defendant require transportation to the trial, housing and meals during the trial, defense counsel shall apply for such travel and costs no later than ten (10) days, excluding weekends and holidays, prior to the date of the trial.

The District Court Executive is directed to file this Order and provide copies to counsel.

ORDER - 5

1    **DATED** this 17th day of April, 2008.

2

3                                    s/ Wm. Fremming Nielsen
                                  WM. FREMMING NIELSEN
4    04-16                       SENIOR UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 6