Case 2:07-cr-02042-LRS   Document 725   Filed 07/27/10

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  -vs-<br><br>JOSE LUIS MANZO,<br><br>  Defendant. | NOS.  CR-07-2042-WFN-2<br>       CR-07-2071-WFN-1<br>       CR-07-2088-WFN-1<br><br>ORDER |

Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, presented by Mr. Manzo *pro se*. The Court has reviewed the file and the motion and is fully informed. For the reasons stated below, the Court Motion is denied in part. The Government is requested to file a response to the remaining issue.

## I. BACKGROUND

On April 10, 2007, Mr. Manzo was indicted in CR-07-2042 for conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and distribution of 50 grams or more of actual methamphetamine. On June 6, 2007, Mr. Manzo was indicted in CR-07-2071 for conspiracy to possess with intent to manufacture a controlled substance. Mr. Manzo went to trial in CR-07-2071 and was found guilty on the sole count. Following his conviction in CR-07-2071, Mr. Manzo entered into a plea agreement with the Government and pled guilty to Count 10 of the Indictment in CR-07-2042 on May 5, 2007. In that plea agreement, Mr. Manzo waived his right to appeal his conviction in both matters, but reserved his right to appeal incorrect Guideline

ORDER - 1

calculations and any sentence based on such error in both cause numbers. Mr. Manzo also waived his right to file a 28 U.S.C. §2255 Motion except for "ineffective assistance of counsel based on facts discovered after the plea and sentencing." On September 4, 2008, the Court sentenced Mr. Manzo to 292 months imprisonment in CR-07-2042 concurrent to 240 months imprisonment in CR-07-2071 and 3 years supervised release.

## II. ANALYSIS

"To earn the right to a hearing. . . [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, Rules Section 2255 Proceedings (West 2006). All issues but the plea agreement issues fail as a matter of law.

To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Manzo established that he satisfies the first two prongs.

Mr. Manzo argues that his sentence violates federal law and was unconstitutional, thus satisfying the third prong, based on three separate grounds. First he alleges ineffective assistance of counsel during plea negotiations, specifically for advising Mr. Manzo to waive his appeal in CF-07-2017. Second, Mr. Manzo argues that the Court abused its discretion in sentencing. Lastly, Mr. Manzo argues that the Government violated his due process rights by breaching the plea agreement.

In order to prevail on his ineffective assistance claim, Mr. Manzo must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *U.S. v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong

ORDER - 2

presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689 (internal citations omitted). In order to show prejudice, Mr. Manzo must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

Mr. Manzo cannot satisfy the prejudice prong of the *Strickland* test. Mr. Manzo alleges several complaints regarding the results obtained by his trial counsel during sentencing, but alleges little in the way of error. He complains that the Court incorrectly calculated the Guideline sentence, but acknowledges that his counsel objected to each of the areas of concern that he raises in his Motion at the time of sentencing.

He also alleges that his counsel was ineffective for advising him to waive his appeal in CR-07-2071. He correctly points out that had there been an issue that was a "dead bang winner" advice to Mr. Manzo to waive appeal may have caused prejudice. However, Mr. Manzo points to no issues which would have been resolved in his favor upon appeal. On the contrary, Mr. Manzo lists several issues which the Ninth Circuit already ruled against him on issues that he had preserved his appeal rights in his plea agreement. Though he did waive his appeal, he raises no new issues that he wished he could have appealed. Thus, Mr. Manzo suffered no prejudice from waiving his right to appeal the conviction.

Mr. Manzo's claims that the Court abused discretion fails. Issues "considered on direct appeal are not subject to collateral attack under 28 U.S.C. § 2255." *Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975). Mr. Manzo rehashes issues that the Ninth Circuit already

ORDER - 3

addressed on direct appeal and affirmed the Court's sentence. Mr. Manzo raises no new issues. The Court will not second guess the rulings of the Ninth Circuit.

Mr. Manzo claims that the Government offended due process by breaching the plea agreement, specifically, the Government failed to recommend a downward departure for acceptance of responsibility and did not live up to its end of the plea deal. Further, Mr. Manzo argues that the plea agreement was illusory. In the plea agreement, the Government agreed to recommend a three level departure for acceptance of responsibility, but failed to do so at the time of sentencing. In fact, in the Government's sentencing memorandum, the Government argues against the acceptance of responsibility departure. The Court notes that the plea agreement clearly states that the Court is not a party and is not required to follow the recommendations of the parties. The Ninth Circuit affirmed the Court's finding that acceptance of responsibility did not apply. The Court also recognizes that the Government made no promises regarding its recommended sentence except that the sentences in all of Mr. Manzo's pending cases run concurrently. However, in the plea agreement the parties agreed that the final adjusted offense level was 31, including the three level departure for acceptance of responsibility which would have exposed Mr. Manzo to a guideline range of 135 - 168 months for CR-07-2042. The statutory maximum in CR-07-2071 is 240 months. Based on the plea agreement, it is likely that Mr. Manzo expected a sentence no longer than 240 months.

The plea agreement issues merit a response from the Government. Due to the mishmash of issues in Mr. Manzo's Motion, the Court requests that the Government address the due process argument, ineffective assistance of counsel claims arising from the alleged breach of the plea agreement and from the alleged illusory nature of the plea agreement, and any other legal issues surrounding the Government's alleged breach of contract to ensure all issues raised by Mr. Manzo related to the breach of the plea agreement can be addressed.

ORDER - 4

Mr. Manzo's claims of ineffective assistance in sentencing and sentencing errors by this Court cannot meet the standard under a §2255 Motion even assuming all facts alleged by Movant to be true. Thus, Movant's Motion on those issues must be denied. However, Mr. Manzo's claims surrounding the Government's alleged breach of the plea agreement merits a response from the Government. Accordingly,

**IT IS ORDERED** that:

1. Movant's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, filed October 14, 2009, **CR-07-2042 Ct. Rec. 721 and CR-07-2071 Ct. Rec. 517**, is **DENIED IN PART and RESERVED IN PART**.

2. Notice shall be served upon the United States to answer Movant's § 2255 Motion, as outlined above by **August 31, 2010.** The contents of the answer shall conform to the requirements of Rule 5(b) of the Rules-Section 2255 Proceedings.

3. Movant shall serve and file a reply to United States answer, if any, **within thirty (30) days of service** of United States' answer.

4. If Movant raises new issues in his reply, the Government may respond to those issues in a supplemental response to be filed and served **within 20 days of service** of the Movant's reply.

4. The Court will take the matter under advisement when the briefing is complete.

5. Movant shall serve upon the United States Attorney a copy of every further pleading or document submitted for consideration by the Court. He shall include with the original paper to be filed with the District Court Executive, a certificate stating the date a true and correct copy of any document was mailed to the United States. Local Rule 5.1(a). Any paper received by a District Court Judge which has not been filed with the District Court Executive or which fails to include a certificate of service will be disregarded by the Court. Movant is also advised that throughout this action he must notify the District Court Executive regarding any change of address.

ORDER - 5

1  The District Court Executive is directed to file this Order and provide copies to
2  counsel and Mr. Manzo;
3  **DATED** this 27th day of July, 2010.
4
5                                                   s/ Wm. Fremming Nielsen
                                              WM. FREMMING NIELSEN
6  07-27                           SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6