UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>  -vs-<br><br>JOSE LUIS MANZO,<br><br>               Defendant. | NOS.  CR-07-2042-WFN-2<br>         CR-07-2071-WFN-1<br>         CR-07-2088-WFN-1<br><br>ORDER |

Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, presented by Mr. Manzo *pro se*. The Court has reviewed the file and the Motion and is fully informed. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On April 10, 2007, Mr. Manzo was indicted in CR-07-2042 for conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and distribution of 50 grams or more of actual methamphetamine. On June 6, 2007, Mr. Manzo was indicted in CR-07-2071 for conspiracy to possess with intent to manufacture a controlled substance. Mr. Manzo went to trial in CR-07-2071 and was found guilty on the sole count. Following his conviction in CR-07-2071, Mr. Manzo entered into a plea agreement with the Government and pled guilty to Count 10 of the Indictment in CR-07-2042 on May 5, 2007. In that Plea Agreement Mr. Manzo waived his right to appeal his conviction in both matters, but reserved his right to appeal incorrect Guideline calculations and any sentence based on such error in both cause numbers. Mr. Manzo also

ORDER - 1

waived his right to file a 28 U.S.C. § 2255 Motion except for "ineffective assistance of counsel based on facts discovered after the plea and sentencing." On September 4, 2008, the Court sentenced Mr. Manzo to 292 months imprisonment in CR-07-2042 concurrent to 240 months imprisonment in CR-07-2071and three years supervised release.

## II. ANALYSIS

"To earn the right to a hearing . . . [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, RULES--SECTION 2255 PROCEEDINGS (West 2006). Since the record is complete regarding the remaining issue, no evidentiary hearing is required.

To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Manzo established that he satisfies the first two prongs.

Mr. Manzo argues that his sentence violates federal law and was unconstitutional, thus satisfying the third prong. The Court rejected all but one of Mr. Manzo's claims in a prior Order. The Court requested that the Government address the due process argument, ineffective assistance of counsel claims arising from the alleged breach of the Plea Agreement and from the alleged illusory nature of the Plea Agreement, and any other legal issues surrounding the Government's alleged breach of contract.

In order to prevail on his ineffective assistance claim, Mr. Manzo must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689 (internal citations omitted). In order to show prejudice, Mr. Manzo must show that but for counsel's errors, the results of the proceeding would have been different. *Id.* at 694.

After reviewing the Government's careful review of the record and relevant law, the Court concludes that Mr. Manzo failed to satisfy the third prong. The main thrust of Mr. Manzo's argument seems to be that his counsel's failure to anticipate the proper guideline range caused him harm in sentencing and had he known his exposure was as high as it turned out to be, he would have risked going to trial. First, the Court notes that, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir.1993). Thus, though defense counsel did not anticipate grouping, Mr. Manzo does not allege any other deficiencies surrounding the Plea Agreement that would raise concerns under *Strickland*.

As for the Government's alleged breach of contract, though the Government admits it was lukewarm, counsel for the Government did fulfill the plea deal by indicating that Mr. Manzo had admitted responsibility in CR-07CR-2042-WFN-1. Further, the Government recommended concurrent sentences as required by the Plea Agreement. Errors by the Government in calculating the guideline sentence for the purposes of the Plea Agreement, unless malicious and purposefully intended to mislead, do not appear to this Court to arise to violations of due process. The Plea Agreement plainly stated that the Court had the final say as to the sentence and sentence imposed was within the statutorily prescribed sentence.

ORDER - 3

Lastly, though Mr. Manzo did not receive the sentence he had anticipated, his sentence reflected he received some benefit from his Plea Agreement. The agreement was not illusory. The Court imposed concurrent sentences pursuant to the Government's recommendation.

### III.  CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2004). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* Based on the Court's preceding analysis, the Court concludes that the Movant has made a substantial showing of a denial of a constitutional right. Thus, a certificate of appealability should issue. Accordingly,

**IT IS ORDERED** that Mr. Manzo's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, filed October 14, 2009, **CR-07-2042 Ct. Rec. 721 and CR-07-2071 Ct. Rec. 517**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to counsel and Mr. Manzo;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; and

ORDER - 4

1 • **CLOSE** the corresponding civil file, **CV-10-058-WFN**.

2    **DATED** this 7th day of September, 2010.

5   09-02

      s/ Wm. Fremming Nielsen
      WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5